IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

  v.

SHERIFF BARRETT, T.J. BARTH, DEP SHOTLIFF,
DEP DOE #1-2, DEP DOE 1-20, DR. SYED,
NURSE ANITA DOE, NURSE JOSEPH DOE,
and TRISHA DOE,

                Defendants.

OPINION and ORDER

22-cv-239-jdp

---

Plaintiff Brandon D. Bradley, Sr., who is also known as Brittney Bradley, is currently incarcerated at Green Bay Correctional Institution. Bradley alleges that that staff at the Dane County Jail violated her rights in several ways. But Bradley's ability to file lawsuits in the court is limited both by statue and by court sanctions. I will dismiss this case because Bradley's complaint does not comply with these restrictions.

Bradley has "struck out" under 28 U.S.C. § 1915(g), which means that she cannot obtain indigent status under § 1915 in any suit she files during the period of her incarceration, except for cases in which she alleges that she is in imminent danger of serious physical injury at the time she filed the lawsuit. S*ee Bradley v. Marchezki*, No. 20-cv-1031-jdp, 2022 WL 174366, at *1 (W.D. Wis. Jan. 12, 2022) (discussing Bradley's three-strike status). Also, because of Bradley's long history of filing complaints that violated Federal Rule of Civil Procedure 20 by containing unrelated claims against different sets of government officials, I have sanctioned her by stating that I would summarily dismiss any similarly flawed complaint she submits that clearly violates Rule 20. *See Bradley v. Novak*, No. 20-cv-328-jdp, Dkt. 27, at 3 (W.D. Wis. Dec. 15, 2020).

Despite my repeated warnings, Bradley has yet again filed a complaint raising multiple sets of claims that do not belong together in the same lawsuit. Bradley alleges that Dane County Jail officials have violated her rights in a variety of ways, including by giving her inadequate medical care, failing to protect her from harming herself, and detaining her unlawfully at the jail. There is no reason to think that Bradley could bring all of these claims together in one lawsuit. And as I have told her before, this court cannot consider a challenge to the validity of her confinement in a civil rights lawsuit; she would have to raise those claims in a petition for writ of habeas corpus, and even then only after she has exhausted her state-court remedies. *See Bradley v. Fuchs*, No. 21-cv-49-jdp, 2021 WL 1946408, at *2 (W.D. Wis. Apr. 27, 2021) (dismissing Bradley's habeas petition without prejudice for her failure to exhaust state-court remedies). I will dismiss this case under my previous sanction without allowing Bradley to amend the complaint.

Another problem with the complaint is that Bradley states that she is imminent danger of serious physical harm at Green Bay Correctional Institution, but Bradley does not name any GBCI officials as defendants in her complaint. So I could not allow her to proceed in forma pauperis on any claims against GBCI officials even if I wasn't already dismissing the case under my previous sanction order.

Despite the court placing filing restrictions on Bradley multiple times (I have also barred her from filing motions without first requesting permission, *see Bradley v. Van Norm*, No. 20-cv-49-jdp, slip op. (W.D. Wis. June 2, 2021)), she continues to file complaints that do not comply with the Federal Rules of Civil Procedure or the court's sanctions orders.

As a sanction for Bradley's repeated disregard of the rules and to reduce the waste of judicial resources spent in reviewing her filings, I will modify my sanctions against her as

follows: in addition to the court summarily dismissing any complaint Bradley files that clearly violates Rule 20 without giving her a chance to amend it, Bradley is now barred from filing any case-initiating documents in this court other than habeas corpus petitions and complaints in which she alleges that she is in imminent danger of serious physical harm. That is, even if Bradley paid the full filing fee along with a complaint concerning past harm, I would dismiss the case. And I remind Bradley that to successfully state an imminent-danger claim, she needs to name as defendants the persons who are currently subjecting her to that danger and explain how they are harming her.

Bradley may request to lift this sanction after a period of two years from this order.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED under this court's December 15, 2020 sanction against plaintiff.

2. Plaintiff's filing sanctions are modified as discussed in the opinion above.

Entered May 2, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge